UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| IRENE BERNS, on behalf of herself and all others similarly situated, § § § | |
| *Plaintiff*, § § | Civil Action No. |
| v § § | 5:21-cv-1042 |
| AUTOMATED COLLECTION SERVICES INC., AND JOHN DOES 1-100 § § § § | |
| *Defendants*. | |

**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AND TEXAS DEBT COLLECTION ACT AND DEMAND FOR JURY TRIAL**

Plaintiff, IRENE BERNS, individually and on behalf of all others similarly situated, by way of Complaint against Defendant, AUTOMATED COLLECTION SERVICES, INC ("ACSI" OR "DEFENDANT") and JOHN DOES 1 THROUGH 100 ("DOES"), collectively the "Parties" says:

### I. NATURE OF THE ACTION

1. This action is brought by Plaintiff, Irene Berns ("Berns" or "Plaintiff"), individually and on behalf of the classes she seeks to represent, demands a trial by jury, for the illegal practices of the Defendant who used unfair, unconscionable, false, deceptive, and misleading practices, and other illegal practices, while attempting to collect alleged debts from Plaintiff in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and Texas Debt Collection Act, Tex. Fin. Code § 392, *et seq.* ("TDCA").

2. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress found abundant evidence of the use of

abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

3. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. In reviewing an FDCPA complaint, courts "must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard, assuming that the Plaintiff-debtor is neither shrewd nor experienced in dealing with creditors." *McMurray v. ProCollect, Inc*., 687 F.3d 665 (5th Cir. 2012).

4. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection practices and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations are: making false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. § 1692e(2)(A); making false representations concerning any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt, 15 U.S.C. § 1692e(2)(B); using a false representation or implication that any individual is an attorney or that any communication is from an attorney, 15 U.S.C. § 1692e(3); the false representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or

creditor intends to take such action, 15 U.S.C. § 1692e(4); the threat to take any action that cannot legally be taken or that is not intended to be taken, 15 U.S.C. § 1692e(5); the false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer, 15 U.S.C. § 1692e(7); the use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval, 15 U.S.C. § 1692e(9); the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10); and the false representation or implication that documents are legal process, 15 U.S.C. § 1692e(13).

5. To prohibit unconscionable and unfair practices, the FDCPA at 15 U.S.C. § 1692f, outlaws the use of unfair or unconscionable means to collect or attempt to collect any debt and names a non-exhaustive list of certain *per se* violations of unconscionable and unfair collection conduct. 15 U.S.C. §§ 1692f (1)-(8).

6. The TDCA, like the FDCPA, prohibits debt collectors from using deceptive, coercive, threatening, abusive, and other repugnant practices for the purpose of collecting a consumer debt. Tex. Bus. & Com. Code Ann § 17.50; *Cushman v. GC Services, L.P.*, 397 Fed. Appx. 24 (5th Cir. 2010) (discussing the "tie-in" provision between the TDCA and Deceptive Trade Practices Acts).

7. Plaintiff seeks statutory damages, actual damages, injunctive relief, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA, TDCA, and all other common law or statutory regimes.

8. On March 27, 2020, Congress enacted the Coronavirus Aid, Relief, and Economic

Security Act, also known as the CARES Act. Section 3513 of the CARES Act provides for the temporary relief for federal student loan borrowers by suspending student loan payments through September 30, 2020. This relief has been renewed continuously and on August 6, 2021, the Department of Education renewed this temporary relief with the caveat that it would be the final extension. As of the date of this complaint it is in effect until January 31, 2022.

9. During the suspension period the CARES Act called for no accrual of interest on federally held loans. Additionally, involuntary collection of loans is suspended during the suspension period.

10. This case involves an obligation, or an alleged obligation, primarily for personal, family, or household purposes, and arising from a transaction or alleged transaction. As such, this action arises out of "consumer debt" as that term is defined by Tex. Fin. Code § 392.001(2).

## II. JURISDICTION AND VENUE

11. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

12. Supplemental jurisdiction for Plaintiffs' state law claims arises under 28 U.S.C. § 1367.

13. Declaratory relief is available pursuant to under 28 U.S.C. §§ 2201, 2202.

14. Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391 because the events giving rise to the claims occurred within this federal judicial district, and because the named Defendants regularly transact business within this federal judicial district and, therefore, reside in the State of Texas within the meaning of 28 U.S.C. § 1391(b) and (c).

## III. PARTIES

15. Plaintiff, Berns, is a natural person who resides in and has resided in San Antonio, Bexar County, Texas at all times relevant to this action.

16. Defendant, ACSI, is a Tennessee corporation whose principal business address is 2802 Opryland Dr, Nashville, TN 37214.

17. ACSI may be served with process via its registered agent, Incorp Services, Inc. at 815 Brazos St., Suite 500, Austin, Texas 78701.

18. DOES are sued under fictitious names as their true names and capacities are yet unknown to Plaintiffs. Plaintiffs will amend this complaint by inserting the true names and capacities of the DOE defendants once they are ascertained.

19. On information and belief, and based on advice of counsel, DOES are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with, conspired with, engaged in, and oversaw the violative policies and procedures used by the employees of the named Defendants that are the subject of this Complaint. DOES personally control, and are engaged in, the illegal acts, policies, and practices utilized by the named Defendants and, therefore, are personally liable for all the wrongdoing alleged in this Complaint.

## IV. FACTUAL ALLEGATIONS

20. ACSI regularly collects, and attempts to collect, defaulted debts which were incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of others using the U.S. Mail, telephone, and internet.

21. The principal purpose of ACSI is the collection of such debts.

22. The Debt is a defaulted debt that Berns used for personal, family and household purposes, specifically for student loans owed to the federal government (the "Debt"), to creditor, Educational Credit Management Corp.

23. Upon information and belief, Education Credit Management Corp. hired ACSI to collect on Berns' defaulted student loans.

24. Upon information and belief, the Debt is a federally backed student loan.

25. When the CARES Act passed Berns was relieved to learn that she could no longer be garnished or otherwise collected on the Debt.

26. On or about June 19, 2021, Berns received a dunning letter (the "June Letter") from ACSI collecting on the Debt.

27. A true and correct copy of the June Letter is attached as **Exhibit A**, except that the certain portions are redacted.

28. The June Letter alleged Berns incurred a debt owed to Education Credit Management Corp. in the amount of $13,507.16.

29. The June letter makes no mention of the CARES Act or Congress' suspension of student loan payments.

30. Berns and the least sophisticated consumer would be confused and surprised to be receiving the Letter since the CARES Act ceased collection activity.

31. In response to the June Letter, Berns submitted a dispute to ACSI.

32. Sometime after July 20, 2021, Berns received a second dunning letter from ACSI (the "July Letter"), once again collecting on the Debt.

33. A true and correct copy of the July Letter is attached as **Exhibit B**, except that the certain portions are redacted.

34. The July Letter has the following disclosure "[t]his is an attempt, by a debt collector, to collect a debt and any information obtained will be used for that purpose."

35. The July letter makes no mention of the CARES Act or Congress' suspension of collection of student loan payments.

36. ACSI's course of conduct mispresented these loans as collectable and sought payment from Berns in violation of the congressional protections afforded by the CARES Act.

37. By sending two collection letters ACSI misrepresented the Debt as collectable, when federal law declared it was not.

38. The Letters deprived Berns of truthful, material and non-misleading information in connection with ACSI's attempts to collect a debt.

39. These violations by ACSI were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

40. ACSI's collection efforts with respect to the Debt caused Berns to suffer concrete and particularized harm because the FDCPA provides Berns with the legally protected right to be treated fairly and truthfully with respect to any action for the collection of any consumer debt.

## V. CAUSE OF ACTION FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

41. The factual allegations are incorporated by reference.

42. Automated Collection Service, Inc. is a debt collector as defined by 15 U.S.C. § 1692a(6).

43. The Debt is a debt as defined by 15 U.S.C. § 1692a(5).

44. Berns is a consumer as defined by 15 U.S.C. § 1692a(3).

45. The June Letter is a communication as defined by 15 U.S.C. § 1692a(2).

46. The July Letter is a communication as defined by 15 U.S.C. § 1692a(2).

47. The use and mailing of **Exhibit A** and **Exhibit B** by ACSI violated the FDCPA in in one or more of the following ways:

   a. Using a false, deceptive, or misleading representation or means in violation of 15 U.S.C. § 1692e;

   b. Falsely misrepresenting the amount, character, or legal status of a debt in violation of 15 U.S.C. § 1692e(2)(a);

   c. Using a false representation or deceptive means to collect a debt in violation of 15 U.S.C. § 1692e(10);

   d. Using unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f; and

   e. Using unfair or unconscionable means to collect or attempt to collect any debt by collection any amount (including any interest, fee, charge or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt in violation of 15 U.S.C. § 1692f(1).

## VI. VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT- Texas Finance Code Chapter 392

48. Berns is a consumer as defined by Tex. Fin. Code § 392.001(1).

49. The Debt is a consumer debt as defined by Tex. Fin. Code § 392.001(2).

50. ACSI is a third-party debt collector as defined by Tex. Fin. Code § 392.001(7).

51. The use and mailing of the June and July letters are acts of debt collection as defined by Tex. Fin. Code § 392.001(5)

52. ACSI violated Chapter 392 of the Texas Finance Code in that it:

    a. collected or attempted to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer in violation of § 303(a)(2);

    b. misrepresented the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding in violation of § 304(a)(8);

    c. using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer in violation of § 304(a)(19).

## VII. CLASS ALLEGATIONS

53. ACSI's conduct is consistent with its policies and practices when attempting to collect debts from consumers. Consequently, this action is brought by Plaintiff, both individually and on behalf of all other persons similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

54. Plaintiff is seeking to certify a class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

55. ***Class Definition.*** The Class consists of: All persons with a Texas address to whom ACSI. mailed dunning letters, in the form of ***Exhibit A or Exhibit B***, between June 19, 2021, through July 31, 2022, which was not returned as undeliverable.

56. The identities of the Class members are readily ascertainable from the business records of ACIS and those entities on whose behalf ACSI attempts to collect debts.

57. ***Class Claims.*** The Class claims include all claims each Class member may have

for a violation of the FDCPA and TDCA arising from ACSI's having mailed a written communication in the form of ***Exhibit A and Exhibit B*** to such Class member.

58. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. ***Numerosity.*** On information and belief, the Class are so numerous that joinder of all members would be impractical and includes at least 40 members.

   b. ***Common Questions Predominate.*** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members because such questions and issues concern the same conduct by ACSI with respect to each Class member.

   c. ***Typicality.*** Plaintiff's claims are typical of the Class members because those claims arise from a common course of conduct engaged in by ACSI.

   d. ***Adequacy.*** Plaintiff will fairly and adequately protect the interests of the Class members insofar as she has no interests that are adverse to those of the Class members. Moreover, Plaintiff is committed to vigorously litigating this matter and retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action.

59. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to the Class members predominate over any questions affecting individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

60. Based on discovery and further investigation (including, but not limited to, disclosure by ACSI of class size and net worth), Plaintiff may, in addition to moving for class certification using modified Class claims, Class definitions, or Class periods, seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4).

## VIII. PRAYER FOR RELIEF

61. WHEREFORE, Plaintiff demands judgment against ACSI as follows:

A. FOR THE FIRST CAUSE OF ACTION

   a. An Order certifying this action as a class action pursuant to Rule 23(c)(1)(A) of the Federal Rules of Civil Procedure including, but not limited to, defining the Class and the Class claims, issues, or defenses, and appointing the undersigned counsel as class counsel pursuant to Rule 23(g);

   b. An award of statutory damages for Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(2);

   c. An award to Plaintiff for services on behalf of the Class as determined in the discretion of the Court;

   d. Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3);

   e. An award of actual damages to Plaintiff and the Class including payments made by Class Members in response to the Letter, and to the extent the recovery of reasonable attorneys' fees and costs cause a negative tax consequence to Plaintiff and/or the Class; and

   f. For such other and further relief as may be just and proper.

B. FOR THE SECOND CAUSE OF ACTION

   a. Awarding statutory damages to Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2);

  b. Awarding actual damages to Plaintiff 15 U.S.C. § 1692k(a)(1);

  c. Awarding attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3);

  d. Awarding actual damages to Plaintiff pursuant to Tex. Fin. Code § 392.403(a)(2);

  e. Attorney's fees, costs, and litigation expenses per Tex. Fin. Code § 392.403(b); and

  f. Providing for such other and further relief as may be just and proper.

## IX.   JURY DEMAND

Plaintiff demands this case be tried before a jury.

Dated: October 26, 2021      Respectfully Submitted,

/s/William M. Clanton
William M. Clanton
Texas Bar No. 24049436

Law Office of Bill Clanton, P.C.
926 Chulie Dr.
San Antonio, Texas 78216
210 226 0800
210 338 8660 fax
bill@clantonlawoffice.com